UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DANIELLE BORCHERT,

        Plaintiff,

                                  Case No. 19-cv-310-pp

  v.

COMMISSIONER OF THE
SOCIAL SECURITY ADMINISTRATION,

        Defendant.

---

**ORDER GRANTING MOTION FOR LEAVE TO PROCEED WITHOUT
PREPAYMENT OF THE FILING FEE (DKT. NO. 2)**

---

The plaintiff has filed a complaint seeking judicial review of a final administrative decision denying her claim for disability insurance benefits under the Social Security Act. Dkt. No. 1. She also filed a motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

To allow the plaintiff to proceed without paying the filing fee, the court first must decide whether the plaintiff can pay the fee; if not, it must determine whether the lawsuit is frivolous. 28 U.S.C. §§1915(a) and 1915(e)(2)(B)(i).

The plaintiff is not employed and not married; she has one fifteen-year old daughter she is responsible for supporting. Dkt. No. 2 at 1. The plaintiff lists 2018 income of $6,600 (or $550 per month) from "odd job, sale of livestock birds" ($5,400) and child support ($1,200). Id. at 2 The plaintiff later explains, however, that she rarely receives the $200 monthly child support to which she is entitled. Id. at 4. The plaintiff indicates that her total monthly expenses vary,

1

but can be "up to [$]200" per month. Id. at 3. The plaintiff does not pay a mortgage or rent, she owns a 2004 Saturn Vue worth $1,200, and she has $100 in a checking account and $5 in a savings account. Id. at 2-3. In the "Other Circumstances" section of the application, the plaintiff states, "I have been unemployed since July 2016. I reside (with my minor child) with my adult daughter + son-in-law since March 2018. I continue to have surgeries and therapies. . . . I will not become employed for some time. Currently 8 weeks post op 2 level neck fusion 12/21/2018." Id. at 4. The plaintiff has demonstrated that she cannot pay the $350 filing fee and $50 administrative fee.

The next step is to determine whether the case is frivolous. A case is frivolous if there is no arguable basis for relief either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992) (quoting Nietzke v. Williams, 490 U.S. 319, 325 (1989); Casteel v. Pieschek, 3 Fed. 1050, 1056 (7th Cir. 1993)). A person may obtain district court review of a final decision of the Commissioner of Social Security. 42 U.S.C. §405(g). The district court must uphold the Commissioner's final decision as long as the Commissioner used the correct legal standards and the decision is supported by substantial evidence. See Roddy v. Astrue, 705 F.3d 631, 636 (7th Cir. 2013).

The plaintiff's counsel appears to have created the complaint on a computer-generated form; the version on the court's docket is cut off on the right margin, so the explanation of why the plaintiff believes she is entitled to relief is not complete. It appears, however, that she has asserted that the ALJ's

2

decision contains many legal errors: the Listing discussion did not contain discussion of the evidence relied on, the RFC assessment is not function by function, the credibility assessment does not comport with controlling law, opinion evidence is not properly considered, the ALJ did not recontact the treating doctor for supporting evidence, and the decision contains national job numbers and no Wisconsin job numbers. Dkt. No. 1 at 3. At this early stage in the case, and based on the information in the plaintiff's complaint, the court concludes that there may be a basis in law or in fact for the plaintiff's appeal of the Commissioner's decision, and that the appeal may have merit, as defined by 28 U.S.C. §1915(e)(2)(B)(i).

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

Dated in Milwaukee, Wisconsin this 19th day of April, 2019.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**United States District Judge**